947 F.2d 954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Howard A. SCOTT, Plaintiff-Appellant,
v.
Dick LUNDELL; Capt. Tom Bona; and M.R. Warren, Defendants-Appellees.
 No. 91-4097.
 United States Court of Appeals, Tenth Circuit.
 Nov. 7, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Scott, a state inmate, appeals pro se the dismissal of his civil rights action.
 
 
 3
 Mr. Scott, an Afro-American, filed suit under 42 U.S.C. § 1983 against prison personnel for alleged racial discrimination. Mr. Scott did not comply with prison grooming regulations and received a write-up classified as major. He was sentenced to one week punitive isolation. On the same day, a white inmate received a write-up for the same thing but which was classified minor. The white inmate was sentenced to a one day lock-up. Classifications are made case-by-case and based on attitude and prior history.
 
 
 4
 Mr. Scott's complaint alleged: (1) violation of his constitutional right to equal protection; (2) deprivation of his civil rights to be secure in his person; and (3) due process violation. The court denied his motion for summary judgment and dismissed his due process claim. The court also found he had abandoned his claim alleging a violation of his civil rights to be secure in his person.
 
 
 5
 The court granted defendants' summary judgment motion on Mr. Scott's remaining claim because: (1) qualified immunity shields defendants acting in their official capacity; and (2) Mr. Scott did not provide evidence to support his equal protection claim.
 
 
 6
 On appeal Mr. Scott asserts: (1) "The facts is racial discrimination;" (2) he was denied his right to a jury trial; and (3) the judge applied the wrong law.
 
 
 7
 We find no error in the trial court's grant of summary judgment. Mr. Scott bore the burden of demonstrating discriminatory intent as a motivating factor behind the issuance of different punishments. Village of Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 265 (1977); Watson v. City of Kansas City, Kan., 857 F.2d 690, 694 (10th Cir.1988). To survive summary judgment Mr. Scott must go beyond the pleadings and show evidence of specific facts which establish that intent. Watson, 857 F.2d at 694.
 
 
 8
 Mr. Scott failed to meet his burden. The only specific facts he presented are unequal punishments for a white inmate and a black inmate. Although these facts could be used to establish a "clear pattern, unexplainable on grounds other than race," such is not the case here. Arlington, 429 U.S. at 266. The defendants presented evidence classifications are made on a case history of the prisoner. Mr. Scott had a history of violating prison grooming regulations. The white inmate did not. Mr. Scott has not provided any additional facts from which we could conclude that defendants' conduct is racially motivated. The trial court's grant of summary judgment is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3